## GRANT v. RAILROAD RETIREMENT BOARD.

### No. 3743.

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1949.

Rehearing Denied April 25, 1949.

A. O. Harrison, of Bartlesville, Okl., for appellant.

Myles F. Gibbons, Gen. Counsel, David B. Schreiber, Associate Gen. Counsel, Edward E. Reilly, and O. Marvin Funk, Attys., Railroad Retirement Board, all of Chicago, Ill., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is a proceeding to review, under § 11 of the Railroad Retirement Act of 1937,[1] 50 Stat. 307, as amended by the Act of July 31, 1946, 60 Stat. 735, 45 U.S.C.A. § 228k, a decision of the Railroad Retirement Board rendered November 18, 1947.

Warren Priest Grant filed his application for an annuity under such Act, January 18, 1938, setting forth that he was born May 29, 1881; that he had worked for the Missouri, Kansas & Texas Railroad Company [2] from May 4, 1904, to January 22, 1910, in the capacity of laborer, fuel foreman, and brakeman, and from January 1, 1914, to October 21, 1937, as a pumper.[3]

He was retired by the Railroad Company on December 11, 1937, because of disability. On January 22, 1910, he received a leg injury which required the amputation of a portion of one leg. As a result thereof, he did no work for the Railroad Company from January 22, 1910, to January 1, 1914. On May 9, 1910, the Railroad Company made a settlement with him under which it paid him $4,000. The factors taken into

---

[1] Hereinafter called the Act.
[2] Hereinafter called the Railroad Company.

[3] He also worked for the Atchison, Topeka & Santa Fe Railway Company from January to April, 1904.

consideration in determining the amount of the settlement were the time and wages lost, pain and suffering, and permanent injury, but there was no allocation of separate amounts to any one of such factors.

The pertinent provisions of the amendatory act are set forth in the margin.[4]

The Board found that the $4,000 paid to Grant in May, 1910, was not paid with respect to an identifiable period of absence from the active service of the Railroad Company and, therefore, could not be credited under § 2 of the amendatory act 45 U. S.C.A. § 228a, as payment "for time lost." It further held that Grant was not entitled to credit in his "years of service" for time lost during the period from June, 1910, to January 1, 1914.[5]

At the time of the settlement and as an inducement thereto, the Railroad Company promised Grant that it would reemploy him when he was able to work. That the employer-employee relation continued during the period of Grant's absence is evidenced by the fact that the Railroad Company provided him with free transportation during such period and permitted him to return to work without a physical examination, a privilege not accorded to one whose employment has ceased.

With respect to the amount paid to Grant in May, 1910, in settlement of his claim for personal injuries, the Board found: "7. * * * The items or factors taken into account in making the settlement included, '* * * The time or wages lost * * * the question of pain and suffering * * * the question of permanent injury and future impairment resulting from the injury * * *', and the settlement was made three years and seven months before appellant was re-employed by the Railroad; accordingly, the payment was not, under the Regulations of the Board in effect prior to approval of the 1946 amendments to the Act, a payment for time lost and was not 'compensation' within the meaning of the Act prior to approval of the 1946 amendments." [6]

One purpose of § 2 of the amendatory act was to liberalize the Act so as to give credit as compensation for time lost, the amount paid for time lost as the result of service-connected personal injury, and to allow credit for the whole amount paid with respect to a personal injury, where it included pay for time lost, unless a part of the total amount paid was specifically apportioned to factors other than time lost.

---

[4] "The term 'years of service' shall mean the number of years an individual as an employee shall have rendered service to one or more employers for compensation or received remuneration for time lost, * * *" 45 U.S.C.A. § 228a (f).

"The term 'compensation' means any form of money remuneration paid to an individual for services rendered as an employee to one or more employers, or as an employee representative, including remuneration paid for time lost as an employee, but remuneration paid for time lost shall be deemed earned in the month in which such time is lost. * * * An employee shall be deemed to be paid, 'for time lost' the amount he is paid by an employer with respect to an identifiable period of absence from the active service of the employer, including absence on account of personal injury, * * *. If a payment is made by an employer with respect to a personal injury and includes pay for time lost, the total payment shall be deemed to be paid for time lost unless, at the time of payment, a part of such payment is specifically apportioned to factors other than time lost, in

which event only such part of the payment as is not so apportioned shall be deemed to be paid for time lost. * * *" 45 U.S.C.A. § 228a (h).

[5] The findings of the Board in part read:

"8. The payment of $4,000 to appellant in May, 1910, was not made with respect to any period of time which can be identified; accordingly, the payment was not made with respect to an 'identifiable period of time' and cannot be held to be creditable as 'payment for time lost' under the Act, as amended July 31, 1946.

"9. Appellant is not entitled to receive credit in his 'years of service' for time lost because of injury for which he was not paid by the Railroad during the period from June, 1910, to December, 1913, inclusive."

[6] See, also, testimony of Honorable Murray W. Latimer, then Chairman, Railroad Retirement Board, Hearings before the Committee on Interstate and Foreign Commerce, House of Representatives, 79th Congress, First Session, on H.R.1362, pp. 161, 162.

Section 2 of the amendatory act provides "If a payment is made by an employer with respect to a personal injury and includes pay for time lost, the total payment shall be deemed to be paid for time lost unless, at the time of payment, a part of such payment is specifically apportioned to factors other than time lost, in which event only such part of the payment as is not so apportioned shall be deemed to be paid for time lost." 45 U.S.C.A. § 228a(h).

Here, since the $4,000 included pay "for time lost" and no part thereof was specifically apportioned to factors other than time lost, the entire payment must be deemed to have been paid for time lost under the provision above quoted.

Counsel for the Board contend, however, that the provision last quoted above is limited by the prior sentence which provides, "An employee shall be deemed to be paid, 'for time lost' the amount he is paid by an employer with respect to an identifiable period of absence from the active service of the employer, including absence on account of personal injury, * * *."

It will be noted the statute does not use the word "identified," but the word "identifiable." It may be admitted that the period was not identifiable when the settlement was made with Grant in May, 1910, but it was identifiable at the time the Board rendered its decision as to whether Grant had completed 30 years of service so as to entitle him to a full annuity under § 2(a) 3 of the Act, as amended by § 205 of the amendatory acts, 45 U.S.C.A. § 228b(a) 3. If § 2 of the amendatory act is to be limited to personal injuries, where the extent of lost time can be definitely determined when the payment is made, then its provisions will embrace only payments made for minor injuries and will not include payments made for more serious injuries which result in substantial periods of lost time, because settlements are ordinarily consummated within a short time of the accident, and before the exact period of time that will be lost can be determined.

We think that Congress intended that the question as to whether the payment was made with respect to an identifiable period should be determined as of the date the issue is before the Board for decision and not at the time the payment was made. Here, the period could clearly be identified at the time of the Board's decision, because Grant returned to the service of the Railroad Company, January 1, 1914, when he had sufficiently recovered from his injuries to again resume work.

Counsel for the Board contend that the testimony of Honorable Murray W. Latimer, then Chairman of the Railroad Retirement Board, at the Hearings before the Committee on Interstate and Foreign Commerce, House of Representatives 79th Congress, First Session, on H. R. 1362, indicates that Congress intended that the period must be identifiable at the time of the payment. See p. 162, Part I, of such Hearings. It may be doubted that such testimony may be resorted to as an aid in the interpretation of the statute. But, be that as it may, we are of the opinion that the example given by Mr. Latimer, near the top of page 163, Part I, of such Hearings, indicates that time lost becomes identifiable within the meaning of § 2, supra, if an employee suffers only partial disability and returns to work when he has recovered sufficiently from his injuries to resume work and payment has theretofore been made to him for loss of time resulting from the partial disability.

Grant died while the cause was pending in this court and his administratrix has been substituted for him as appellant.

The decision is reversed and the cause remanded to the Board for further proceedings in accordance with the views herein expressed.